FRANCIS W. BLAKE

*v.*

JEROME McMULLEN.

NEW TRIAL—*on the evidence.* A verdict of a jury will not be lightly disturbed, and all allowances and presumptions will be made in its favor; but where it appears that the jury have wholly disregarded the evidence and found against its decided weight, a new trial will be granted.

APPEAL from the Circuit Court of Cook county; the Hon. W. K. McALLISTER, Judge, presiding.

Mr. J. W. BENNETT, for the appellant.

Mr. M. L. KNIGHT, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

In this case it is claimed that the finding is so clearly against the weight of evidence that the judgment of the court below should be reversed.

It appears that appellee had in his hands some property of Jenkins to exchange for other property, for which, if he succeeded, he was to have a commission. He wrote appellant that he could exchange his property, which was worth something more than $4000, but it was incumbered by a mortgage of $2300, leaving it worth not more than $2000 over the incumbrance. Appellant saw appellee, and afterwards saw Jenkins, who showed him the property, and the exchange was made, appellant receiving unincumbered property, and Jenkins receiving his subject to the incumbrance.

When the trade was consummated, the question arose between appellee and appellant as to the commission the former should have, he claiming $129, or three per cent on $4300, the full value of appellant's property unincumbered. Appellant claimed that appellee had agreed to charge no more than two and a half per cent, and that he would collect one-half of Jenkins. Appellee claims it was to be three per cent from appellant, and that when he wrote him that he could exchange his for other property, he so informed him. Appellee says he told appellant, before the trade, that he had written him his commissions would be three per cent, and appellant replied he would pay what was right, from which he understood it was to be three per cent; that when the transaction was closed, and he informed him that $129 was his charge, appellant did not dispute its correctness; that he did not object to the amount of the charge on other occasions when the matter was spoken of between them. To this he swore on the trial.

Jenkins testified that he was to pay three per cent and understood appellant was to pay the same. But appellant thought it was too much. Keys says he heard, before the trade, some talk that both parties were to pay three per cent

commission, and thinks appellee was present. This is all the corroborating evidence introduced by appellee.

Appellant testified that appellee wanted three per cent, but he told him he would not pay that amount; that appellee then said, this was an exchange of property and he would do it for two and a half per cent and get half of that of Jenkins. He made the proposition and appellant accepted it, which made one and a quarter per cent for him to pay, and that agreement was never changed.

Long testified that appellee thought he ought to get three per cent, but Neff said he would not pay it, and appellee then said he would charge but two and a half per cent, and only charge Blake half of that and get the other half from Jenkins; that appellee told witness he would charge two and a half per cent, and Blake was to pay half of that.

Neff testified that he was appellant's agent, and he asked appellee what commission he should charge if the trade was made with Jenkins, and he replied, the commissions down town were from two to three per cent, but as this was an exchange of property he would not charge that amount; that he would charge one-half to appellee and get the other half out of Jenkins; that witness asked whether he could tell appellant that, and he said yes. The next day appellant asked appellee how about commissions, and he said he would call his commissions two and a half per cent, and charge one half of it and get the other half out of Jenkins.

Avery testified that appellee stated he would not charge appellant his usual commissions, as it was an exchange of property, and one half of what he should charge he would get out of Jenkins. These last three witnesses speak of the others being present.

There is no impeaching evidence in the record on either side. Standing unimpeached, as this evidence does, we are unable to concur with the jury in their conclusion on the facts. The evidence corroborating appellee is slight, loose and indefinite. Jenkins does not say that appellant told him he had

agreed to, or was to pay three per cent, but he understood he was to pay that per cent. He may have simply inferred that he was, and he may have been mistaken in his inference, and the remark of appellant, that three per cent was too much, would apply as well to what Jenkins said he was to pay as to what appellant expected to pay. The remark does not seem to be confined to what appellant expected to have to pay. Keys says he heard some talk, before the trade, that both parties were to pay three per cent commissions. He does not say who was talking about the matter and thinks only appellee was present. If the conversation was between third parties, when the parties were not present, all know it would not be evidence that should bind them.

We are reluctant to disturb the finding of a jury unless it appears to be clearly wrong, but when it does, we do not hesitate to send the case to another jury. We will not lightly disturb their finding, and make all allowances and presumptions in favor of the verdict, but when it appears to us that the jury have wholly disregarded the evidence, a verdict should not stand. Here, the witnesses are unimpeached, and it appears to us that the evidence is overwhelmingly against the verdict and that it ought not to be permitted to stand.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*